IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLEN TAYLOR, JR., | |
| Petitioner | NO.  5:09-CV-244 (CAR) |
| VS. | |
| TERRY DUFFEY, WARDEN, | PROCEEDING UNDER 28 U.S.C. §2254 |
| | BEFORE THE U.S. MAGISTRATE JUDGE |
| Respondent | |

# RECOMMENDATION

On July 10, 2009, petitioner Allen Taylor, Jr. executed a petition seeking federal habeas corpus relief. Tab #1.  Respondent Terry Duffey filed a response (Tab #7) and a motion seeking dismissal of the petition contending that it was untimely filed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d) (Tab #8).  Thereafter, petitioner Taylor was ordered and directed to file a response to the motion seeking dismissal no later than October 23, 2009.  Tab #9.  To date, no such response has been filed. The motion is now ripe for review.

## LEGAL STANDARDS

The relevant provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## **FACTUAL AND PROCEDURAL HISTORY**

On November 30, 1989, in Bibb County, Georgia, after being convicted by a jury for the offenses of rape (count 1), aggravated sodomy (count 2), two counts of aggravated assault (counts 3, 4), armed robbery (count 5), and possession of marijuana (count 6), petitioner Taylor was sentenced as an habitual offender to life imprisonment for count 1, life for count 2 to be served consecutively, twenty (20) years each for counts 3 and 4 to be served concurrently with each other and consecutively to count 2, and twelve (12) months for count 6 to be served concurrently with counts 3 and 4. Petitioner filed a direct appeal. His convictions and sentences were affirmed on May 25, 2004. *Taylor v. State*, 202 Ga. App. 671 (1992).

Petitioner Taylor was subsequently, albeit erroneously, twice considered for parole. The Georgia Board of Pardons and Parole denied him parole on February 26, 1997 and again on August 10, 2004. On June 19, 2006, he filed a state petition for a writ of mandamus challenging the Board's 2004 denial of parole. In response, the Board's assistant director for legal services submitted an affidavit wherein he affied that (1) the petitioner's sentence is governed by the provisions of O.C.G.A. § 17-10-7(c); (2) by statute, the Board lacks authority to grant him parole; and, (3) the Board would notify the petitioner that he is not eligible for parole (*citing Metheny v. Hammonds*, 216 F.3d 1307 (11th Cir. 2000)) .

In an apparent effort to explain the Board's earlier actions, the affiant explained that prior to the Georgia Supreme Court's ruling in *Moore v. Ray*, 269 Ga. 457 (1998), they were unsure whether or not the petitioner was eligible for parole, but, following the ruling, it was clear that he was not. The state mandamus court then denied relief in an order entered on January 12, 2007. Therein, the mandamus court found that the petitioner (1) had failed to state a claim, (2) was not eligible for parole pursuant to O.C.G.A. § 17-10-7(c), and (3) that application of the above statute in denying parole does not amount to application of an *ex post facto* law.

On January 2, 2008, the petitioner filed a **state** habeas corpus petition. Therein, he argued that his sentence was changed to life without parole sixteen (16) years after sentencing and that he was subjected to *ex post facto* violations in that he was denied parole in 2005 and then re-sentenced by the parole board. In addition, and also within his **state** petition, he asserted that the above claim was not discovered until January 12, 2007, the date the mandamus court's order was entered.

On December 31, 2008, the **state** habeas corpus court denied relief. On February 9, 2009, the petitioner filed an application for a certificate of probable cause in the Georgia Supreme Court to appeal the habeas corpus court's denial of relief . On May 4, 2009, the Georgia Supreme Court dismissed the application as *untimely*. *See Taylor v. Ammons*, Supreme Court of Georgia S09H0771 (2009). On May 20, 2009, a subsequent request for reconsideration was also denied. *Id.* On July 10, 2009, the petitioner filed the instant **federal** petition.

## DISCUSSION AND CONCLUSION

Upon review of the positions of the petitioner and respondent herein, the undersigned agrees with the respondent's argument that the instant petition was untimely filed. This is because, even accepting the petitioner's unsupported assertion that January 12, 2007 was the first date on which the factual predicate of his claim could have been discovered through the exercise of due diligence, more than one (1) year of un-tolled time passed prior to the execution and/or filing of the instant **federal** petition. As noted above, the petitioner alleges discovery of his "new sentence" claim on January 12, 2007. Thereafter, he waited three-hundred-fifty-five (355) days, or until January 2, 2008, to file a **state** habeas corpus action, thus tolling the one-year limitations period. Following the December 31, 2008 denial of his **state** petition, petitioner Taylor failed to file a timely application for a certificate of probable cause to appeal the **state** habeas corpus court's decision to the Georgia Supreme Court. Thus, the limitations period began to run again on January 30, 2009 — the date the thirty (30) day period in which that application could have been timely filed pursuant to O.C.G.A. § 9-14-52 expired. Thereafter, the petitioner waited an additional one-hundred-sixty-one (161) days to file the instant **federal** petition on July 10, 2009. By that time, a total of five-hundred-sixteen (516) un-tolled days had elapsed.

In view of the above, it is clear that petitioner Taylor exceeded the applicable one-year period of limitations. Accordingly, the respondent's motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED** *with prejudice*.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST** **ADDRESS** provided by him.

**SO RECOMMENDED**, this 12th day of April, 2010



　　　　　　　　　　　　　　　　　　　　　CLAUDE W. HICKS, JR.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE